

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TONI J. H.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL
SECURITY,

              Defendant.

CASE NO. 2:18-CV-01775-RSM-DWC

REPORT AND RECOMMENDATION

Noting Date: September 27, 2019

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI").

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly consider the medical opinion evidence, in particular the opinions of Mr. Sergey Kukhotsky and Dr. Dan Phan, and Plaintiff's subjective symptom testimony. Had the ALJ properly considered this evidence, the ALJ may have found Plaintiff disabled or may have included additional limitations in the residual functional capacity ("RFC")

REPORT AND RECOMMENDATION - 1

1  assessment. The ALJ's errors are, therefore, not harmless, and the undersigned recommends this

2  matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

3  Commissioner of the Social Security Administration for further proceedings consistent with this

4  Report and Recommendation.

5                          FACTUAL AND PROCEDURAL HISTORY

6        On September 28, 2015, Plaintiff filed applications for DIB and SSI, alleging disability as

7  of August 1, 2013. *See* Dkt. 10, Administrative Record ("AR") 15. The applications were denied

8  on initial administrative review and on reconsideration. AR 15. A hearing was held before ALJ

9  M.J. Adams on September 20, 2017. *See* AR 39-58. In a decision dated March 5, 2018, the ALJ

10  found Plaintiff not disabled. *See* AR 15-32. Plaintiff's request for review of the ALJ's decision

11  was denied by the Appeals Council, making the ALJ's decision the final decision of the

12  Commissioner. *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

13        In the Opening Brief, Plaintiff maintains the ALJ erred by failing to properly consider

14  (1) the medical opinion evidence and (2) Plaintiff's subjective symptom testimony. Dkt. 14.[1]

15  Plaintiff requests a remand for an award of benefits. *Id*. at p. 18.

16                               STANDARD OF REVIEW

17        Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

18  social security benefits if the ALJ's findings are based on legal error or not supported by

19  substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

20  Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

21

22  _____

23        [1] Plaintiff also alleges the RFC is not supported by substantial evidence because it does not rely on medical opinions related to Plaintiff's mental health impairments. Dkt. 14, pp. 17-18. The Court notes Plaintiff's argument is conclusory. However, as the ALJ erred in consideration of the medical evidence and Plaintiff's subjective symptom

24  testimony, he is directed to re-evaluate the RFC on remand.

DISCUSSION

**I.      Whether the ALJ erred by failing to properly consider the medical opinion evidence.**

Plaintiff contends the ALJ erred in his evaluation of medical opinions completed by Mr. Sergey Kukhotsky, PA-C, and Drs. Amy Rodriguez, M.D., Dan Phan, M.D., John Gilbert, Ph.D., Normal Staley, M.D., Richard Benardez-Fu, M.D., and Jenna Yun, Ph.D. Dkt. 14, pp. 2-17.

A.  Mr. Kukhotsky and Dr. Rodriguez

Plaintiff asserts the ALJ failed to properly consider the medical opinions completed by Mr. Sergey Kukhotsky, PA-C, and Dr. Amy Rodriquez, M.D.  Dkt. 14, pp. 2-9. Mr. Kukhotsky, Plaintiff's treating provider, is a certified physician's assistant. He submitted two opinions, the first was completed in August 2015 and the second completed in July 2016. Mr. Kukhotsky is the sole author of the August 2015 opinion. *See* AR 887-91. The July 2016 opinion was completed by Mr. Kukhotsky and signed by Dr. Rodriquez, stating she was signing as the supervising physician who is familiar with Plaintiff's medical history and agrees with the findings of the examining health care provider. *See* AR 1098. The Court reviewed the treatment notes from Community Health Center, the health center where both Dr. Rodriquez and Mr. Kukhotsky practice. There is no indication Dr. Rodriquez examined or treated Plaintiff, nor is there any indication Dr. Rodriquez closely supervised Mr. Kukhotsky's treatment of Plaintiff. Therefore, the Court will treat both the August 2015 and the July 2016 opinions as medical opinions from an "other" medical source. *See Connolly v. Commissioner of Social Security*, 2017 WL 1856650, at *3-4 (D. Ariz. May 9, 2017) (finding a physician's assistant's opinion co-signed by a physician was not an opinion from an acceptable medical source where the treatment notes were exclusively signed by the physician's assistant and the plaintiff pointed to no evidence showing the physician did anything beyond signing the form).

Pursuant to the relevant federal regulations, medical opinions from "other medical sources," such as nurse practitioners, therapists and chiropractors, must be considered. *See* 20 C.F.R. § 404.1513 (d); *see also Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (citing 20 C.F.R. § 404.1513(a), (d)); SSR 06-3p, 2006 WL 2329939. "Other medical source" testimony "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001); *Turner*, 613 F.3d at 1224. "Further, the reasons 'germane to each witness' must be specific." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009); *see Stout*, 454 F.3d at 1054 (explaining "the ALJ, not the district court, is required to provide specific reasons for rejecting lay testimony").

1.  *August 2015 Opinion*

On August 21, 2015, Mr. Kukhotsky completed a physical functional evaluation of Plaintiff. AR 887-91. Mr. Kukhotsky diagnosed Plaintiff with fibromyalgia, spinal stenosis, "achiless bursitis," and major depression. AR 888. Due to her fibromyalgia, spinal stenosis, and "achiless bursitis," Mr. Kukhotsky found Plaintiff markedly limited in her ability to sit, stand, walk, lift, carry, handle, push, pull, reach, stoop, crouch, see, hear, and communicate. AR 888. Mr. Kukhotsky opined Plaintiff is severely limited and unable to meet the demands of sedentary work. AR 889.

The ALJ gave little weight to Mr. Kukhotsky's August 2015 opinion because (1) the opinion is not well-supported by reference to objective medical evidence; (2) the opinion is inconsistent with objective medical evidence; and (3) Mr. Kukhotsky is not an acceptable medical source. AR 28.

First, the ALJ rejected the August 2015 opinion because Mr. Kukhotsky did not support the opinion with reference to specific aspects of the objective medical evidence. AR 28. An ALJ may reject an opinion "if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Batson v. Commissioner of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *Bayliss*, 427 F.3d at 1216; *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the ALJ noted that, when asked to describe Plaintiff's treatment history, Mr. Kukhotsky only referenced "PT, back injections, pain meds, antidepressants, surgery of the foot." AR 28. The ALJ also found Mr. Kukhotsky did not complete all range of motion measurements. AR 28. The Court does not find, nor does Defendant cite, any requirement that a medical provider must specifically reference objective medical evidence in his opinion. *See* Dkt. 21. In this case, the record contains treatment notes from Plaintiff's clinical visits to the Community Health Center, where Mr. Kukhotsky was Plaintiff's primary care provider. *See* AR 782-886, 976-1094, 149-1375. Despite the lengthy treatment notes, the ALJ did not reference that he considered these medical records when finding Mr. Kukhotsky's opinion was not well-supported by reference to objective medical evidence and thus makes no correlation between the treatment notes and why they are inconsistent with the August 2015 opinion. Accordingly, the Court finds the ALJ's first reason for discounting Mr. Kukhotsky's August 2015 opinion is not valid. *See e.g. Esparze v. Colvin*, 631 Fed. App'x 460, 462 (9th Cir. 2015) (a treating physician's form cannot be rejected based on a failure to cite to objective findings if the opinion is supported by treatment notes).

Second, the ALJ discounted Mr. Kukhotsky's August 2015 opinion because the opinion is inconsistent with the objective medical evidence showing Plaintiff "demonstrated strength and sensation within normal limits upon physical examination." AR 28. The ALJ cited to four treatment notes showing Plaintiff's strength and sensation where within normal limits. *See* AR 28.

1    The ALJ, however, failed to provide any explanation as to why evidence of normal strength and

2    sensation on four occasions is inconsistent with Mr. Kukhotsky's opinion. *See* AR 28.

3    Furthermore, Social Security Administration rulings recognize "the symptoms of [fibromyalgia]

4    can wax and wane so that a person may have 'bad days and good days.'" SSR 12-2p, 2012 WL

5    3104869, at *6; *see also Brosnahan v. Barnhart*, 336 F.3d 671, 672 n. 1 (8th Cir. 2003)

6    (fibromyalgia causes "long-term but variable levels of muscle and joint paint, stiffness, and

7    fatigue"). As the ALJ did not adequately explain why treatment notes showing Plaintiff's

8    strength and sensation where within normal limits was inconsistent with Mr. Kukhotsky's entire

9    opinion, the Court finds the ALJ's conclusory reason is not sufficiently specific to discount Mr.

10   Kukhotsky's August 2015 opinion. *See e.g. McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir.

11   1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical

12   findings in the record was "broad and vague, failing to specify why the ALJ felt the treating

13   physician's opinion was flawed"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We

14   require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so

15   that we may afford the claimant meaningful review of the SSA's ultimate findings.").

16       Third, the ALJ discounted Mr. Kukhotsky's August 2015 opinion because Mr. Kukhotsky

17   is not an acceptable medical source. AR 28. A medical opinion from an "acceptable medical

18   source" is a factor "that may justify giving that opinion greater weight than an opinion from a

19   medical source who is not an 'acceptable medical source';" however, "after applying the

20   factors for weighing opinion evidence, an opinion from a medial source who is not an

21   'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,'

22   including the medical opinion of a treating source." *See* Social Security Ruling ("SSR") 06-

23   03P, 2006 WL 2329939. As such, an ALJ may not reject an opinion from a physician's

24

assistant merely because he is not an "acceptable medical source," as the ALJ did in this case. *See* AR 28; *Lewis*, 236 F.3d at 511 ("Other medical source" testimony "is competent evidence that an ALJ must take into account"). The Court, therefore, finds ALJ's third reason for giving little weight to Mr. Kukhotsky's August 2015 opinion is not germane.

For the above stated reasons, the Court finds the ALJ erred by failing to provide specific, germane reasons supported by substantial evidence for giving little weight to Mr. Kukhotsky's August 2015 opinion.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The Ninth Circuit has stated "'a reviewing court cannot consider an error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (quoting *Stout*, 454 F.3d at 1055-56). The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

The RFC included Plaintiff being able to perform sedentary work. As Mr. Kukhotsky found Plaintiff could not perform the demands of even sedentary work, the ultimate disability decision would have changed if his August 2015 opinion was given great weight. *See Molina*, 674 F.3d at 1115-17. Therefore, the ALJ's error is not harmless and requires remand.

2. *July 2016 Opinion*

On July 12, 2016, Mr. Kukhotsky completed a Physical Residual Functional Capacity Questionnaire regarding Plaintiff's limitations. *See* AR 1095-98. Mr. Kukhotsky found Plaintiff's impairments would frequently interfere with attention and concentration needed to perform simple work tasks. AR 1096. He opined Plaintiff was incapable of low stress jobs and noted stress increases Plaintiff's fibromyalgia symptoms. AR 1096. Mr. Kukhotsky opined Plaintiff can walk a quarter of a city block without rest or pain, sit for 15 minutes and stand for 15 minutes at one time, and sit and stand for less than two hours in an eight-hour day. AR 1096. He also found Plaintiff needs to get up and walk for five minutes every 15-20 minutes. AR 1096-97. Mr. Kukhotsky opined Plaintiff needs to take unscheduled breaks daily and sit with her feet elevated. AR 1097. He found Plaintiff can: rarely climb stairs and lift and carry less than 10 pounds; occasionally look up, hold her head in a static position, and twist; and never stoop, bend, crouch, squat, or climb ladders. AR 1097. Additionally, Mr. Kukhotsky found Plaintiff is limited in her ability to grasp, turn, twist, and reach. AR 1098.  He also opined Plaintiff would be absent from work more than four days per month and would have "good days" and "bad days." AR 1098.

The ALJ discussed Mr. Kukhotsky's July 2016 findings and gave the opinion little weight because:

> (1) The claimant's performance in her examination with Dan V. Phan, M.D., in November of 2015 indicates that these sweeping limitations are not consistent with her functional abilities. (2) After the alleged onset date, the claimant demonstrated strength and sensation within normal limits. (3) Further, these opinions are inconsistent with the claimant's own self-reported ability to care for, and apparently walk, a neighbor's elderly dog. (4) These opinions were not well supported by reference to the objective medical evidence. When asked to identify clinical findings and objective signs, Mr. Kukhotsky wrote "abnormal back MRIs, xrays, blood work." It is notable that Mr. Kukhotsky himself wrote, concerning an x-ray of the claimant's shoulder, on March 8, 2016, that the signs revealed "do not explain

amount of pain she has." Thus, these opinions are inconsistent with the objective medical evidence and are of dubious supportability.

AR 28-29 (internal citations omitted, numbering added).

The ALJ's first, second, and fourth reasons for discounting Mr. Kukhotsky's July 2016 are essentially finding Mr. Kukhotsky's July 2016 opinion is not supported by the record. *See* AR 28-29. An ALJ may discount a physician's opinion which is inadequately supported "by the record as a whole." *Batson*, 359 F.3d at 1195 (citation omitted). However, an ALJ cannot reject a medical opinion in a vague or conclusory manner. *See Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ fails to explain how the medical evidence, including Dr. Phan's examination and a few reports of normal strength and sensation, are inconsistent with Mr. Kukhotsky's July 2016 opinion. *See* AR 28-29. Further, the ALJ fails to explain how Mr. Kukhotsky's failure to identify, in more detail, clinical findings and objective signs is inconsistent with his opinion, especially considering Mr. Kukhotsky's treatment notes are included in the record. Further, the ALJ's second and fourth reason for discounting Mr. Kukhotsky's July 2016 opinion were provided as reasons for discounting Mr. Kukhotsky's August 2015 opinion. As discussed above, these reasons are not adequate for discounting Mr. Kukhotsky's opinions. Accordingly, the Court finds the ALJ's first, second, and fourth reasons for giving little weight to Mr. Kukhotsky's July 2016 opinion are not proper. *See Popa v. Berryhill*, 872 F.3d 901, 907 (9th Cir. 2017) (finding the ALJ did not properly reject lay testimony where he found the lay testimony "conflicted with other medical evidence in the record" but "provided little illumination of this alleged contrast"); *Gilbert v. Colvin*, 2015 WL 4039338, at *5 (W.D. Wash. July 2, 2015) (ALJ did not provide a sufficiently specific reason to discredit lay testimony where he did not give "any idea as to what in the medical evidence was inconsistent" with the testimony).

1        The ALJ's last remaining reason for giving little weight to Mr. Kukhotsky's July 2016

2  opinion is because the opinion is inconsistent with Plaintiff's report that she was able to care for

3  and walk her neighbor's elderly dog. AR 28. An ALJ may discount a physician's findings if

4  those findings appear inconsistent with a plaintiff's daily activities. *See Rollins v. Massanari*,

5  261 F.3d 853, 856 (9th Cir. 2001). Here, however, the ALJ does not explain how Plaintiff's

6  ability to care for a dog is inconsistent with Mr. Kukhotsky's July 2016 opinion. Further, the two

7  records cited by the ALJ state only that (1) Plaintiff felt scattered because she had to care for her

8  roommate's elderly dog and (2) Plaintiff injured her arm while walking the dog. AR 976-77.

9  There is no indication Plaintiff walked the dog routinely, for a sustained time, or for any

10 distance. The record indicates Plaintiff cared for the dog by providing the dog food and water and

11 opening the door to let the dog outside. AR 273. This level of care for the dog is not inconsistent

12 with Mr. Kukhotsky's July 2016 opinion. Therefore, the ALJ's finding that Plaintiff's ability to

13 care for and walk a dog is inconsistent with Mr. Kukhotsky's July 2016 opinion is unsupported by

14 the record. *See McCann v. Colvin*, 111 F.Supp.3d 1166, 1175 (W.D. Wash. 2015) (ALJ failed to

15 provide specific, germane reasons for discounting a lay opinion when the ALJ provided no

16 explanation as to how the opinion was inconsistent with the overall medical record, the claimant's

17 daily activities, and his work history).

18       For the above stated reasons, the Court finds the ALJ failed to provide specific,

19 germane reasons supported by substantial evidence for giving little weight to Mr. Kukhotsky's

20 July 2016 opinion. Therefore, the ALJ erred. Had the ALJ fully credited Mr. Kukhotsky's July

21 2016 opinion, the ALJ may have found Plaintiff unable to work or included additional

22 limitations in the RFC and the hypothetical questions posed to the vocational expert. As the

23

24

1   ultimate disability decision may have changed, the ALJ's error is not harmless. *See Molina*, 674

2   F.3d at 1115.

3       B.  Dr. Phan

4       Plaintiff asserts the ALJ failed to properly consider the opinion of Dr. Phan, a

5   consultative examining physician. Dkt. 14, pp. 9-11. The ALJ must provide "clear and

6   convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining

7   physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d

8   418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating

9   or examining physician's opinion is contradicted, the opinion can be rejected "for specific and

10  legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at

11  830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722

12  F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and

13  thorough summary of the facts and conflicting clinical evidence, stating his interpretation

14  thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing

15  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

16      On November 24, 2015, Dr. Phan, after examining Plaintiff, opined that, in a typical

17  eight-hour workday, Plaintiff could sit up to six hours cumulatively and stand and walk up to six

18  hours cumulatively. AR 936. He found Plaintiff should avoid jobs requiring frequent bending,

19  stooping, twisting, turning, reaching, grasping, gripping, twisting, turning, pulling, and heavy

20  lifting. AR 936. Dr. Phan also found Plaintiff could lift and carry 40 to 50 pounds occasionally

21  and 20 to 25 pounds frequently. AR 936.

22      The ALJ discussed Dr. Phan's opinion and gave the opinion partial weight. AR 27-28.

23  The ALJ gave great weight to Dr. Phan's opinion as to Plaintiff's ability to sit, stand, walk, bend,

24

stoop, twist, turn, and lift heavy items. AR 28-29. The ALJ also included more restrictive lifting

and carrying limitations in the RFC. *See* AR 21, 29. The ALJ discounted the remainder of Dr.

Phan's opinion, stating:

> Dr. Phan opined the claimant should avoid frequent manipulative tasks, including pulling. This is not consistent with Dr. Phan's accompanying assessment, wherein the claimant demonstrated full grip strength bilaterally. Therefore, these aspects of his opinions are not consistent with the objective medical evidence and are assigned little weight.

AR 28 (internal citations omitted).

Here, the ALJ discounted Dr. Phan's opinion as to Plaintiff's manipulative limitations

because it was inconsistent with the medical assessment showing Plaintiff had full grip strength.

As stated above, an ALJ need not accept an opinion "if that opinion is brief, conclusory, and

inadequately supported by clinical findings." *Batson*, 359 F.3d at 1195. Here, Dr. Phan's

physical examination of Plaintiff showed Plaintiff had 5/5 handgrip bilaterally. AR 936.

However, Dr. Phan opined Plaintiff should avoid work that requires frequent reaching, grasping,

gripping, twisting, turning, and pulling because of Plaintiff's "shoulder problem." AR 936. Dr.

Phan conducted a physical examination of Plaintiff and reviewed a right shoulder radiology

report in reaching his opinion. *See* AR 934-38. The radiology report showed mild degenerative

and osteoporotic changes. AR 938. The ALJ does not explain how the assessment showing

Plaintiff has full grip strength is inconsistent with difficulties in reaching, twisting, turning, and

pulling. Dr. Phan's opinion regarding Plaintiff's manipulative limitations was based on

Plaintiff's "shoulder problems" and the ALJ failed to adequately explain how the medical

assessment showing Plaintiff had full grip strength discounts all the manipulative limitations

opined to by Dr. Phan. Therefore, the Court finds the sole reason for discounting Dr. Phan's

opinion that Plaintiff should avoid jobs requiring reaching, grasping, gripping, twisting, turning, and pulling is not specific and legitimate. Accordingly, the ALJ erred.

The ALJ did not include any manipulative limitations in the RFC. *See* AR 21. If Dr. Phan's opinion was given great weight and additional limitations were included in the RFC and in the hypothetical questions posed to the vocational expert, the ultimate disability determination may have changed. Accordingly, the ALJ's error is not harmless and requires reversal.

C.  Remaining Medical Opinions

Plaintiff also contends the ALJ failed to properly consider the medical opinions of Drs. Gilbert, Staley, Benardez-Fu, and Yun. Dkt. 14. The Court has found the ALJ erred in his consideration of Mr. Kukhotsky's and Dr. Phan's opinions and this case must be remanded for further consideration of the medical opinion evidence. *See* Section I.A. & B., *supra*. As this case must be remanded, the Court declines to consider whether the ALJ erred in consideration of the remaining medical opinions. Rather, the Court recommends the ALJ be directed to re-evaluate all the medical evidence on remand. On remand, the Court also recommends the ALJ be directed to re-evaluate each step of the sequential evaluation process.

**II.    Whether the ALJ erred by failing to properly consider Plaintiff's subjective symptom testimony.**

Plaintiff contends in a conclusory and limited argument that the ALJ erred by failing to provide specific, clear, and convincing reasons for discounting Plaintiff's subjective symptom testimony. Dkt. 14, p. 18. As the Court finds the ALJ erred in his consideration of the medical opinion evidence, the Court finds the ALJ should re-evaluate Plaintiff's subjective symptom testimony on remand.

Though the ALJ must reconsider Plaintiff's testimony on remand and though Plaintiff provided a conclusory and limited argument regarding this alleged error, the Court reviewed the

ALJ's three reasons for discounting Plaintiff's testimony and finds the reasons are not clear and convincing. The ALJ discounted Plaintiff's testimony because Plaintiff's complaints were inconsistent with Plaintiff's (1) daily activities; (2) prior statements; and (3) the objective medical evidence. AR 21-27.

First, the ALJ discounted Plaintiff's testimony because her complaints were inconsistent with her activities of daily living. AR 24, 27. However, the records cited by the ALJ fail to show how Plaintiff's complaints of disabling physical and mental impairments are inconsistent with her daily activities. *See* AR 24, 27, 274, 978, 27, 1040, 1311, 1157, 1167, 1176, 1222, 1291. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (recognizing "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations").

Second, the ALJ discounted Plaintiff's testimony because Plaintiff's had a prior inconsistent statement regarding her pain levels. AR 24. The ALJ cited to one treatment note that states Plaintiff reported a four-out-of-ten maximum back pain in May of 2016. AR 24, 1135. But, additional treatment notes over time indicate Plaintiff experiences pain and is on prescription pain medication. *See e.g.* AR 927 (generalized joint pain), 1083-84 (joint and body pain), 1095 (report of moderate to severe "aches" all the time), 1167 (fibromyalgia flare-up and pain medication), 1202 (generalized weakness, malaise, pain), 1205 (pain medication). One record citation wherein Plaintiff stated her pain was a four out of ten is not sufficient to show Plaintiff's testimony is inconsistent with the record. *See Reddick*, 157 F.3d at 722-23 (finding an ALJ must not "cherry-pick" certain observations without considering their context).

Third, the ALJ discounted Plaintiff's testimony because of inconsistencies between Plaintiff's testimony and the medical evidence. *See* AR 21-27. The ALJ merely summarized evidence contained in the medical records, but the ALJ did not link the cited medical records to

1  any specific testimony or statements the ALJ discounted. *See* AR 21-27. This is insufficient. *See*

2  *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

3       The Court finds the ALJ failed to provide a specific, clear, and convincing reason for

4  discounting Plaintiff's subjective symptom testimony. Accordingly, the ALJ erred. On remand, if

5  the ALJ again discounts Plaintiff's subjective symptom testimony, he must provide clear and

6  convincing reasons supported by substantial evidence to do so.

7       **III.    Whether this case should be remanded for an award of benefits.**

8       Plaintiff argues this matter should be remanded with a direction to award benefits. *See*

9  Dkt. 14, p. 18; Dkt. 22, pp. 9-10. The Court may remand a case "either for additional evidence

10 and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

11 Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare

12 circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v.*

13 *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit

14 created a "test for determining when evidence should be credited and an immediate award of

15 benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits

16 should be awarded where:

17       (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the
         claimant's] evidence, (2) there are no outstanding issues that must be resolved
18       before a determination of disability can be made, and (3) it is clear from the record
         that the ALJ would be required to find the claimant disabled were such evidence
19       credited.

20 *Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

21       The Court has determined, on remand, the ALJ must re-evaluate the medical opinion

22 evidence and Plaintiff's subjective symptom testimony. As such, the ALJ must re-examine the

23 RFC and whether Plaintiff can perform jobs existing in significant numbers in the national

24

1  economy. Therefore, there are outstanding issues which must be resolved and remand for further

2  administrative proceedings is appropriate.

3                                    CONCLUSION

4          Based on the above stated reasons, the undersigned recommends this matter be reversed

5  and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further

6  proceedings consistent with this Report and Recommendation. The undersigned also

7  recommends judgment be entered for Plaintiff and the case be closed.

8          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

10  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on September 27,

13  2019, as noted in the caption.

14          Dated this 9th day of September, 2019.

15

16                                    David W. Christel
                                       United States Magistrate Judge

17

18

19

20

21

22

23

24